## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF PATOKH CHODIEV, | Case No. 2:22-mc-00250-JAK-AFMx<br><br>**ORDER GRANTING *EX PARTE* APPLICATION**<br><br>JS-6 |

## BACKGROUND

Patokh Chodiev ("Applicant") has filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 seeking leave to, *inter alia*, issue document and deposition subpoenas to First Idea International Ltd. ("First Idea"). The Application is supported by a Memorandum of Points and Authorities as well as two declarations. Applicant alleges that he needs to take the requested discovery from First Idea for use in contemplated litigation proceedings in the United Kingdom against Refinitiv Limited for violations of the European Union's General Data Protection Regulation. According to Applicant, Refinitiv published an unsupported, inaccurate, misleading, and damaging report on Mr. Chodiev in its World-Check Risk Intelligence Service database. Further, Applicant asserts that First Idea urged Refinitiv to publish this report.

# DISCUSSION

## A. Relevant Law

Pursuant to 28 U.S.C. § 1782, any "interested person" may file an application in the district court requesting that the court order another person to produce testimony or documents for use "in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782. "The statute's purpose is twofold: to 'provid[e] efficient assistance to participants in international litigation' and to 'encourag[e] foreign countries by example to provide similar assistance to our courts.'" *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004) (internal quotation marks omitted)).

A district court may order production of discovery if three statutory requirements are satisfied: The person from whom discovery is sought must reside or be found in the Central District, and the discovery must be for use in a foreign tribunal where the applicant is an interested party. *Intel Corp.*, 542 U.S. at 246; *see also In re Dubey*, 949 F. Supp. 2d 990, 991-992 (C.D. Cal. 2013). Even where an applicant satisfies the statutory prerequisites for discovery assistance to foreign or international tribunals, "the district court still retains substantial discretion to permit or deny the requested discovery." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (quoting *Khrapunov v. Prosyankin,* 931 F.3d 922, 926 (9th Cir. 2019)); *In re Golden Root Invs. PTE Ltd.*, 2019 WL 8011743, at *1 (C.D. Cal. Sept. 6, 2019). The party seeking § 1782 discovery does not need to establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel Corp.*, 542 U.S. at 247, 261-263; *In re Tenenbaum,* 2018 WL 10451506, at *2 (C.D. Cal. Nov. 19, 2018), *modified*, 2019 WL 7997234 (C.D. Cal. July 11, 2019).

An application pursuant to 28 U.S.C. § 1782 may be granted *ex parte* because an order permitting issuance of the subpoenas requested does not foreclose objections to the subpoenas once issued. *See, e.g.*, *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) (permitting a 28 U.S.C. § 1782 application *ex parte*, and noting "such ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it"); *In re Golden Root Invs. PTE Ltd.*, 2019 WL 8011743, at *1; *In re Tenenbaum*, 2018 WL 10451506, at *1 (C.D. Cal. Nov. 19, 2018), *modified,* 2019 WL 7997234 (C.D. Cal. July 11, 2019) (*ex parte* application is an acceptable method for seeking § 1782 discovery) (citing *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (holding that the subpoenaed parties may raise objections and exercise their due process rights by bringing motions to quash the subpoenas).

**B. Analysis**

Applicant has satisfied the statutory requirements under 28 U.S.C. § 1782.

1. <u>Presence in the Central District of California</u>

The Court may grant an application pursuant to Section 1782 where the person or entity from whom discovery is sought resides or may be found in the Central District of California. For purposes of Section 1782 "a business entity is 'found' in the judicial district where it is incorporated or headquartered." *Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020); *see In re Application Pursuant to 28 U.S.C. 1782 of Japan Display Inc.,* 2021 WL 4391882, at *2 (C.D. Cal. Apr. 5, 2021); *In re Ex Parte Applic. of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016). In addition, a corporation may satisfy the "found in" requirement if it "has a presence in a district." *Illumina Cambridge Ltd.*, 2020 WL 820327, at *3 (statutory requirement satisfied where the target of the discovery was a "Delaware corporation which holds itself out as having a research

facility in [the district]; *In re Super Vitaminas, S.A.*, 2017 WL 5571037, at *2 (N.D. Cal. Nov. 20, 2017) (having an office in the district is sufficient); *In re Ex Parte Applic. of TPK Touch Sols. (Xiamen) Inc.*, 2016 WL 6804600, at *2 (N.D. Cal. Nov. 17, 2016) (subpoenaed party was found within district for purposes of § 1782 because it maintained an office in it). "Courts have also concluded that companies are found in a district where 'they conduct systematic and continuous local activities in this district.'" *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (quoting *In re Ex Parte Applic. of Qualcomm Inc.*, 162 F. Supp. 3d at 1036-1038).

Here, Applicant points to public sources – specifically, a website – indicating that First Idea is incorporated in the U.K. with an office in Los Angeles. (ECF 1-1 at 9, n.12, citing https://jonathangray.com); *see* https://www.firstidea.com/contact-us.html.)[1] Because First Idea maintains an office within this district, it may be "found" within this district for purposes of Section 1782. *See, e.g., In re Ex Parte Applic. of Qualcomm Inc.*, 162 F. Supp. 3d at 1036 (finding target corporations satisfied the "found in" requirement of Section 1782 where they were headquartered outside of the district but maintained offices within the district).

2. <u>Discovery to be Used by Applicant in a Foreign Tribunal</u>

Section 1782 does not require foreign proceedings be "pending" or even "imminent." *Intel Corp*. 542 U.S. at 259. Rather, foreign proceedings must be "within reasonable contemplation." *Id*. "Reasonable contemplation" means that proceedings cannot be speculative; rather "a § 1782 applicant must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *In re Hedrick House Ltd.*, 2020 WL

---

[1] Applicant states that First Idea "maintains its United States corporate headquarters in Los Angeles" (ECF 1-1 at 14) but fails to point to any evidence that Los Angeles is the corporation's "headquarters." Nevertheless, the Court takes judicial notice that First Idea holds itself out as having an office in Los Angeles. *See* https://www.firstidea.com/contact-us.html (last accessed 1/3/2023); Fed. R. Evid. 201.

3965999, at *2 (C.D. Cal. Mar. 31, 2020) (quoting *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123-124 (2d Cir. 2015)). Courts have found such indicia to be present where an applicant retained foreign litigation counsel and sent a detailed demand letter. *See, e.g., In re Hedrick House Ltd.*, 2020 WL 3965999, at *2.

Applicant satisfies this requirement because proceedings in "a civil action before English courts in the United Kingdom (or possibly in the European Union)" are reasonably contemplated. He has hired counsel in London who has submitted a Letter Before Claim to Refinitiv that outlines Refinitiv's alleged violations of the GDPR and the DPA and gives notice of his intent to file suit in the matter. *See In re Hansainvest Hanseatische Investment-GmbH*, 364 F. Supp. 3d 243, 249 (S.D.N.Y. 2018) (applicant's retaining foreign litigation counsel retaining experts and sending a detailed demand letter were indicia that litigation was contemplated). It is further noted that the Southern District of New York has already found Applicant to meet these indicia when it allowed him to conduct discovery of Refinitiv's affiliate in the United States.

3. <u>Discretionary Factors</u>

In this case, there is no indication that a court in the United Kingdom would not be receptive to U.S. federal-court judicial assistance as requested in the Application. In addition, the Application does not appear to be an attempt to circumvent foreign proof-gathering restrictions, and it seeks discovery that does not appear unduly intrusive or burdensome. Moreover, it appears that information about First Idea's conduct – particularly facts and circumstances surrounding First Idea's communications relating to publication of the report in question – may not be readily obtained from other sources.

**ORDER**

Accordingly, the Application is GRANTED, as follows:

1. Applicant may serve discovery on First Idea International Ltd. substantially

similar in the form of Exhibits 13-14 to the Declaration of Kate Maguire (ECF 1-2 ).

2. Any discovery pursuant to this Order (and responses thereto) shall be governed by the Federal Rules of Civil Procedure and the Local Civil Rules of the Central District of California.

3. Nothing in this Order prevents First Idea International Ltd. from objecting to the discovery.

4. The Court shall retain jurisdiction over the matter for the purpose of enforcing this Order and resolving any discovery disputes.

5. A copy of this Order shall be served on First Idea International Ltd. and Refinitiv Limited with each discovery request.

DATED: January 5, 2023

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE